UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE VASQUEZ,

                    Plaintiff,           **MEMORANDUM AND ORDER**
        -against-                              CV 13-4188 (LDW)(AYS)

SUFFOLK COUNTY GOVERNMENT, POLICE
OFFICER DAVID MASON, DOMINICK
BARBARO and P.O. SEAN RAIL,

                    Defendants.
-------------------------------------------------------------------X

**ANNE Y. SHIELDS, Magistrate Judge:**

This is a civil rights action commenced by Plaintiff Jose Vasquez against the County of Suffolk and three individually named Suffolk County Police Officers. The case seeks redress for injuries alleged to have been sustained after an encounter between Plaintiff and the named police officers that took place at Plaintiff's Huntington residence on or about August 15, 2010 (the Incident"). A review of the file reveals that the defendant officer named as "Police Officer David Mason," is meant to refer to Police Officer David Alaimo ("Officer Alaimo").

Presently before the court is a discovery dispute involving Plaintiff's requests for: (1) authorization to obtain Officer Alaimo's full medical records; (2) a "draft" of an Internal Affairs Bureau report concerning the Incident; (3) information identifying witnesses and (4) "anything required to be disclosed prior to trial pursuant to Rule 26." The courts considers each request below.

<u>Medical Records</u>

Plaintiff seeks fully executed medical release forms allowing him to obtain all of Officer Alaimo's medical records from his:

- physical therapist,

1

- personal physician,
- treatment received in Huntington Hospital,
- treatment received from stand up MRI of Lynbrook,
- treatment received from Dr. Joseph Crimi,
- "any other medical treatment that PO Alaimo received as a consequence of the incident," and
- an injured employee report filed by Officer Alaimo's supervisor.

Plaintiff's request for medical authorizations seeks the production of confidential medical records. Such production will be allowed only if Officer Alaimo has somehow waived the privilege by putting his medical condition at issue in this matter. Plaintiff argues that such waiver has occurred because Office Alaimo states that he was assaulted and physically injured as a result of the altercation with Plaintiff. It should be noted that Officer Alaimo makes no claim for personal injury against Plaintiff in this matter.

Officer Alaimo's statement regarding an altercation with Plaintiff is insufficient to have put his entire medical condition at issue so as to require the extensive production of medical records Plaintiff seeks. Recognizing that any physical altercation that took place during the Incident may be relevant to Plaintiff's claims, and in the spirit of compromise, Defendants have agreed to provide Plaintiff with copies of all medical records of treatment for injuries which Officer Alaimo sustained during the Incident. Thus, Defendants have provided copies of records of Officer Alaimo's treating physician. Defendants have also obtained, and will forward to Plaintiff, records reflecting treatment received by Officer Alaimo from the Police Surgeon, as well as Huntington Hospital's treatment records generated in connection with the Incident.

Defendants' production of Officer Alaimo's medical records is sufficient to comply with any discovery obligations herein. Accordingly, the Court will not order the production of any

additional medical records. Such records regarding the general health of Officer Alaimo are outside of the permissible scope of discovery.

Draft Internal Affairs Report

Throughout this litigation Defendants have assured Plaintiff that they will produce, pursuant to the parties' confidentiality stipulation, the report of the Internal Affairs Bureau ("IAB") relating to the Incident, as soon as that report is complete. Noting that the trial date for this matter is drawing near, Plaintiff's discovery motion seeks immediate production of the IAB Report, whether it is complete or not.

Defendants state that the "draft" or "incomplete" report Plaintiff seeks is a document that does not exist. Specifically, Defendants explain that IAB reports are not prepared piecemeal, and multiple versions of such reports do not exist. Instead, upon completion of an investigation a final IAB report is prepared. Defense counsel states that she is informed by the IAB investigator that the IAB report in this matter will be completed and released shortly, well in advance of trial. Upon such completion the IAB report will be provided to Plaintiff.

In view of Defense counsel's representations, the Court denies any request for a "draft" of the IAB report, as a document that does not exist. Counsel's representation regarding the completion and production of the actual IAB report well in advance of trial makes any other request moot.

Witnesses and Rule 26 Requests

Plaintiff's final two discovery requests seek information regarding any additional witnesses and "anything required to be disclosed prior to trial pursuant to Rule 26." As to the former request, Defendants have already disclosed the identity of witnesses to Plaintiff. Thus, Defendants have identified as witnesses: Plaintiff, Plaintiff's wife and neighbor (who have all

been deposed) as well as four police officers, and a paramedic. Defendants further state that they know of no other witnesses in this matter. Accordingly, Plaintiff's request for the identification of additional witnesses is denied.

Finally, as to any Rule 26 material, Defendants state that, with the exception of the IAB report referred to above, they have provided Plaintiff with all required documents. Defendants note further that District Judge Wexler requires the parties to exchange copies of all materials to be used at trial. To the extent any additional materials are received, such materials will be promptly produced to Plaintiff. In view of the foregoing, it appears that there is no document production outstanding, and therefore the request to produce any other, unidentified "Rule 26" materials is denied.

## CONCLUSION

For the foregoing reasons Plaintiff's motion to compel discovery, docketed under entry number 39 in this matter, is denied.

SO ORDERED

\_\_\_/s/ Anne Y. Shields_____
Anne Y. Shields
United States Magistrate Judge

Central Islip, New York
April 20, 2015